UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Phyllis Stallings, Ed.D.,

    Plaintiff,

vs                                                                             Case No: 14-13189
                                                                            Honorable Victoria A. Roberts

Detroit Public Schools,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S AMENDED MOTION
## FOR SUMMARY JUDGMENT [DOC. #20]

**I.    INTRODUCTION**

    Plaintiff ("Stallings") was employed as a teacher with the Detroit Public Schools ("DPS") from December 2, 2002 until her retirement on September 10, 2013. In 2012, Stallings requested and received an accommodation under the Americans with Disabilities Act (42 U.S.C. § 12101): a school service attendant and a first floor classroom or elevator access. These accommodations were in place throughout the 2013 academic year and were to be in place for the 2013-14 academic year as well. However, Stallings submitted retirement papers on September 10, 2013, stating "[I am] unable to fulfill my duties as an effective classroom teacher at this time." Nonetheless, Plaintiff filed this action against DPS alleging a violation of both the ADA and the Michigan Persons with Disabilities Civil Rights Act. ("PWDCRA"), MCL 37.1101.

    For the reasons stated, the Court **GRANTS** DPS' Amended Motion for Summary Judgment.

1

**II.     ANALYSIS**

The threshold issue is whether Stallings is a "qualified individual" within the meaning of the ADA. This is an essential element that she must prove, or her cause of action is doomed.

These are the pertinent provisions of the ADA:

> "(a) General Rule
> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, condition, and privileges of employment.
> (b) Construction
> As used in subsection (a) of this section, the term, "discriminate against a qualified individual on the basis of disability" includes –
>
> (5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity."

Further, § 12111 of the ADA states in pertinent part:

> (8) Qualified individual
>
> The term "qualified individual" means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. For the purposes of this subchapter, consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job.

2

Stallings mentions the PWDCRA only in passing, but under that statute as well, she has the burden to prove that her disability does not prevent her from performing the duties of the job in question; a person otherwise qualified for a job is entitled to accommodation if needed. MCL 37.1102; 37.1103(l); 37.1210.

The Court is required to review the evidence presented in the light most favorable to Stallings. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574, 586 (1986). If after doing that the Court determines there is no genuine issue of fact, the defense motion must be granted. Fed. R. Civ. P. 56(a); *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the causes of action or a defense advanced by the parties. *Kendall v Hoover Co.,* 751 F.2d 171, 174 (6th Cir. 1974).

Not only did Stallings admit she could not perform her job, her treating doctor submitted a disability certificate shortly before her retirement and opined "no classroom - sit down job only." He also said "Pt is totally disabled to function in a classroom at this time." Moreover, Stallings applied for social security disability benefits shortly after her retirement, alleging an onset date of disability of June 17, 2013, and an inability to work then - three months before she retired. Stallings was awarded benefits in January, 2015 from the onset date of her disability.

A "qualified individual" must be able to perform her job requirements, with or without reasonable accommodations." *Townley v Blue Cross and Blue Shield of Michigan*, 242 F. Supp 2d 661 (E.D. Mich. 2003).

Importantly, too, the Sixth Circuit held, "disabled former employees" are not

3

qualified individuals with a disability under Title I of the ADA." *McKnight v. Gen. Motors Corp.*, 550 F.3d 519, 528 (6th Cir. 2008).

See also *Gnatt v Wilson Sporting Goods*, 143 F.3d 1042 (6th Cir. 1998), where the Court held:

> "There is no dispute that Plaintiff was a disabled person. Nevertheless, because she was not released by her doctor to return to work, she has not met the second requirement that she be qualified to perform the essential functions of the job. An employee who cannot meet the attendance requirements of the job at issue cannot be considered a 'qualified' individual protected by the ADA." 143 F.3d at 1047.

Stallings' argument that Defendant negligently disregarded her claim and failed to engage in an interactive process to determine whether she was able to perform the essential functions of her job as a classroom teacher is unavailing. There had been an interactive process which resulted in earlier accommodations for Stallings which were still in place when she returned for the 2013-2014 academic year. Whether she was to be in a pre-kindergarten class or a first grade classroom, Stalling was still a classroom teacher. Her doctor said she could not perform this job; her retirement papers said she could not perform this job; her social security application said she could not perform this job beginning in June, 2013.

The Court concludes that Stallings "fails to make a showing sufficient to establish the existence of an element essential to [her] case, and which [she] will bear the burden of proof at trial." *Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986). Accordingly, Defendant is entitled to summary judgment.

4

### III.     CONCLUSION

Defendant's Amended Motion for Summary Judgment is **GRANTED**. Judgment will enter in favor of Defendant.

**IT IS ORDERED.**

                                            /s/ Victoria A. Roberts
                                           Victoria A. Roberts
                                           United States District Judge

Dated: October 28, 2015

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Phyllis Stallings by electronic means or U.S. Mail on October 28, 2015.

s/Linda Vertriest
Deputy Clerk

---